OPINION — AG — THE FOUR MILL LEVY TAX RATE OF THE INTANGIBLE PROPERTY TAX PROVISIONS APPLIES TO A SAVINGS ACCOUNT WITH A SAVINGS AND LOAN ASSOCIATION. CITE: 18 O.S. 1961 211 [18-211], 18 O.S. 1961 243 [18-243], 18 O.S. 1965 Supp., 246 [18-246], 68 O.S. 1965 Supp., 2501 [68-2501], 68 O.S. 1965 Supp., 2502 [68-2502], 68 O.S. 1965 Supp., 2501-2520 [68-2501] — [68-2520] (BRIAN UPP) FILENAME: m0000889 REPRESENTATIVE ROBERT L. GOODFELLOW ATTORNEY GENERAL OF OKLAHOMA — OPINION APRIL 6, 1967 OPINION — AG — (1) INSURANCE PURCHASED BY A SCHOOL DISTRICT UNDER THE PROVISIONS OF 11 O.S. 1965 Supp., 16.1 [11-16.1] WOULD PROTECT CHILDREN RIDING ON THE BUS IF INJURIES TO SUCH CHILDREN ARE PROXIMATELY CAUSED BY THE NEGLIGENT OPERATION OF THE SCHOOL BUS. (2) IN CASE OF A SCHOOL DISTRICT CONTRACTS FOR SUCH INSURANCE AND ONE OF ITS BUSES IS INVOLVED IN AN ACCIDENT THE INSURANCE CANNOT PLEAD GOVERNMENTAL IMMUNITY IN A SUIT FOR DAMAGES. (3) THE DRIVER OF A SCHOOL BUS COULD BE MADE A PARTY DEFENDANT AND HELD LIABLE FOR HIS OWN NEGLIGENCE IN A COURT OF LAW WHETHER OR NOT THE SCHOOL DISTRICT COULD BE LIABLE BECAUSE OF ITS IMMUNITY FROM SUIT AND WHETHER OR NOT THE SCHOOL DISTRICT HAD PROCURED COVERAGE UNDER SECTION 16.1 (4) THE BOARD OF EDUCATION OF A SCHOOL DISTRICT HAS NO AUTHORITY TO PURCHASE INSURANCE TO COVER THE DRIVER OF A SCHOOL BUS UNDER ANY PRESENT LAW AND THERE IS NO GRANT OF AUTHORITY TO INCLUDE THE DRIVER IN ANY POLICY PURCHASED UNDER THE PROVISIONS OF SECTION 16.1, SUPRA. (W. J. MONROE) FILENAME: m0000950 VIRGIL BALL DISTRICT ATTORNEY ATTORNEY GENERAL OF OKLAHOMA — OPINION MAY 4, 1967 OPINION — AG — THE FOUR MILL LEVY TAX RATE OF THE INTANGIBLE PROPERTY TAX PROVISIONS APPLIES TO A SAVINGS ACCOUNT WITH A SAVINGS AND LOAN ASSOCIATION. CITE: 18 O.S. 1961 211 [18-211], 18 O.S. 1961 243 [18-243], 18 O.S. 1965 Supp., 246 [18-246], 68 O.S. 1965 Supp., 2501 [68-2501], 68 O.S. 1965 Supp., 2502 [68-2502], 68 O.S. 1965 Supp., 2501-2520 [68-2501] — [68-2520] (BRIAN UPP) FILENAME: m0000951 REPRESENTATIVE ROBERT L. GOODFELLOW ATTORNEY GENERAL OF OKLAHOMA — OPINION APRIL 6, 1967 OPINION — AG — (1) INSURANCE PURCHASED BY A SCHOOL DISTRICT UNDER THE PROVISIONS OF 11 O.S. 1965 Supp., 16.1 [11-16.1] WOULD PROTECT CHILDREN RIDING ON THE BUS IF INJURIES TO SUCH CHILDREN ARE PROXIMATELY CAUSED BY THE NEGLIGENT OPERATION OF THE SCHOOL BUS. (2) IN CASE OF A SCHOOL DISTRICT CONTRACTS FOR SUCH INSURANCE AND ONE OF ITS BUSES IS INVOLVED IN AN ACCIDENT THE INSURANCE CANNOT PLEAD GOVERNMENTAL IMMUNITY IN A SUIT FOR DAMAGES. (3) THE DRIVER OF A SCHOOL BUS COULD BE MADE A PARTY DEFENDANT AND HELD LIABLE FOR HIS OWN NEGLIGENCE IN A COURT OF LAW WHETHER OR NOT THE SCHOOL DISTRICT COULD BE LIABLE BECAUSE OF ITS IMMUNITY FROM SUIT AND WHETHER OR NOT THE SCHOOL DISTRICT HAD PROCURED COVERAGE UNDER SECTION 16.1 (4) THE BOARD OF EDUCATION OF A SCHOOL DISTRICT HAS NO AUTHORITY TO PURCHASE INSURANCE TO COVER THE DRIVER OF A SCHOOL BUS UNDER ANY PRESENT LAW AND THERE IS NO GRANT OF AUTHORITY TO INCLUDE THE DRIVER IN ANY POLICY PURCHASED UNDER THE PROVISIONS OF SECTION 16.1, SUPRA. (W. J. MONROE)